# EXHIBIT C

# Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules")

**This page is available in:**
- English
- العربية
- Español
- Français
- 日本語
- 한국어
- Português
- Русский
- 中文

On 17 May 2018 the ICANN Board adopted a Temporary Specification for gTLD Registration Data ("Temporary Specification"). The content on this page has been superseded in whole or in part by the Temporary Specification. See the Temporary Specification for the modified or new requirements.

---

As approved by the ICANN Board of Directors on 28 September 2013.

**These Rules are in effect for all UDRP proceedings in which a complaint is submitted to a provider on or after 31 July 2015. The prior version of the Rules, applicable to all proceedings in which a complaint was submitted to a Provider on or before 30 July 2015, is at https://www.icann.org/resources/pages/rules-be-2012-02-25-en. UDRP Providers may elect to adopt the notice procedures set forth in these Rules prior to 31 July 2015.**

Administrative proceedings for the resolution of disputes under the Uniform Dispute Resolution Policy adopted by ICANN shall be governed by these Rules and also the Supplemental Rules of the Provider administering the proceedings, as posted on its web site. To the extent that the Supplemental Rules of any Provider conflict with these Rules, these Rules supersede.

## 1. Definitions

In these Rules:

**Complainant** means the party initiating a complaint concerning a domain-name registration.

**ICANN** refers to the Internet Corporation for Assigned Names and Numbers.

**Lock** means a set of measures that a registrar applies to a domain name, which prevents at a minimum any modification to the registrant and registrar information by the Respondent, but does not affect the resolution of the domain name or the renewal of the domain name.

**Mutual Jurisdiction** means a court jurisdiction at the location of either (a) the principal office of the Registrar (provided the domain-name holder has submitted in its Registration Agreement to that jurisdiction for court adjudication of disputes concerning or arising from the use of the domain name) or (b) the domain-name holder's address as shown for the registration of the domain name in Registrar's Whois database at the time the complaint is submitted to the Provider.

**Panel** means an administrative panel appointed by a Provider to decide a complaint concerning a domain-name registration.

**Panelist** means an individual appointed by a Provider to be a member of a Panel.

**Party** means a Complainant or a Respondent.

**Pendency** means the time period from the moment a UDRP complaint has been submitted by the Complainant to the UDRP Provider to the time the UDRP decision has been implemented or the UDRP complaint has been terminated.

**Policy** means the <u>Uniform Domain Name Dispute Resolution Policy</u> that is incorporated by reference and made a part of the Registration Agreement.

**Provider** means a dispute-resolution service provider approved by ICANN. A list of such Providers appears at <u>http://www.icann.org/en/dndr/udrp/approved-providers.htm</u>.

**Registrar** means the entity with which the Respondent has registered a domain name that is the subject of a complaint.

**Registration Agreement** means the agreement between a Registrar and a domain-name holder.

**Respondent** means the holder of a domain-name registration against which a complaint is initiated.

**Reverse Domain Name Hijacking** means using the Policy in bad faith to attempt to deprive a registered domain-name holder of a domain name.

**Supplemental Rules** means the rules adopted by the Provider administering a proceeding to supplement these Rules. Supplemental Rules shall not be inconsistent with the Policy or these Rules and shall cover such topics as fees, word and page limits and guidelines, file size and format modalities, the means for communicating with the Provider and the Panel, and the form of cover sheets.

**Written Notice** means hardcopy notification by the Provider to the Respondent of the commencement of an administrative proceeding under the Policy which shall inform the respondent that a complaint has been filed against it, and which shall state that the Provider has electronically transmitted the complaint including any annexes to the Respondent by the means specified herein. Written notice does not include a hardcopy of the complaint itself or of any annexes.

## 2. Communications

(a) When forwarding a complaint, including any annexes, electronically to the Respondent, it shall be the Provider's responsibility to employ reasonably available means calculated to achieve actual notice to Respondent. Achieving actual notice, or employing the following measures to do so, shall discharge this responsibility:

    (i) sending Written Notice of the complaint to all postal-mail and facsimile addresses (A) shown in the domain name's registration data in Registrar's Whois database for the registered domain-name holder, the technical contact, and the administrative contact and (B) supplied by Registrar to the Provider for the registration's billing contact; and

    (ii) sending the complaint, including any annexes, in electronic form by e-mail to:

        (A) the e-mail addresses for those technical, administrative, and billing contacts;

        (B) postmaster@<the contested domain name>; and

        (C) if the domain name (or "www." followed by the domain name) resolves to an active web page (other than a generic page the Provider concludes is maintained by a registrar or ISP for parking domain-names registered by multiple domain-name holders), any e- mail address shown or e-mail links on that web page; and

    (iii) sending the complaint, including any annexes, to any e-mail address the Respondent has notified the Provider it prefers and, to the

extent practicable, to all other e-mail addresses provided to the Provider by Complainant under Paragraph 3(b)(v).

(b) Except as provided in Paragraph 2(a), any written communication to Complainant or Respondent provided for under these Rules shall be made electronically via the Internet (a record of its transmission being available), or by any reasonably requested preferred means stated by the Complainant or Respondent, respectively (see Paragraphs 3(b)(iii) and 5(b)(iii)).

(c) Any communication to the Provider or the Panel shall be made by the means and in the manner (including, where applicable, the number of copies) stated in the Provider's Supplemental Rules.

(d) Communications shall be made in the language prescribed in Paragraph 11.

(e) Either Party may update its contact details by notifying the Provider and the Registrar.

(f) Except as otherwise provided in these Rules, or decided by a Panel, all communications provided for under these Rules shall be deemed to have been made:

    (i) if via the Internet, on the date that the communication was transmitted, provided that the date of transmission is verifiable; or, where applicable

    (ii) if delivered by telecopy or facsimile transmission, on the date shown on the confirmation of transmission; or:

    (iii) if by postal or courier service, on the date marked on the receipt.

(g) Except as otherwise provided in these Rules, all time periods calculated under these Rules to begin when a communication is made shall begin to run on the earliest date that the communication is deemed to have been made in accordance with Paragraph 2(f).

(h) Any communication by

    (i) a Panel to any Party shall be copied to the Provider and to the other Party;

    (ii) the Provider to any Party shall be copied to the other Party; and

    (iii) a Party shall be copied to the other Party, the Panel and the Provider, as the case may be.

(i) It shall be the responsibility of the sender to retain records of the fact and circumstances of sending, which shall be available for inspection by affected parties and for reporting purposes. This includes the Provider in sending Written Notice to the Respondent by post and/or facsimile under Paragraph 2(a)(i).

(j) In the event a Party sending a communication receives notification of non-delivery of the communication, the Party shall promptly notify the Panel (or, if no Panel is yet appointed, the Provider) of the circumstances of the notification. Further proceedings concerning the communication and any response shall be as directed by the Panel (or the Provider).

## 3. The Complaint

(a) Any person or entity may initiate an administrative proceeding by submitting a complaint in accordance with the Policy and these Rules to any Provider approved by ICANN. (Due to capacity constraints or for other reasons, a Provider's ability to accept complaints may be suspended at times. In that event, the Provider shall refuse the submission. The person or entity may submit the complaint to another Provider.)

(b) The complaint including any annexes shall be submitted in electronic form and shall:

(i) Request that the complaint be submitted for decision in accordance with the Policy and these Rules;

(ii) Provide the name, postal and e-mail addresses, and the telephone and telefax numbers of the Complainant and of any representative authorized to act for the Complainant in the administrative proceeding;

(iii) Specify a preferred method for communications directed to the Complainant in the administrative proceeding (including person to be contacted, medium, and address information) for each of (A) electronic-only material and (B) material including hard copy (where applicable);

(iv) Designate whether Complainant elects to have the dispute decided by a single-member or a three-member Panel and, in the event Complainant elects a three-member Panel, provide the names and contact details of three candidates to serve as one of the Panelists (these candidates may be drawn from any ICANN-approved Provider's list of panelists);

(v) Provide the name of the Respondent (domain-name holder) and all information (including any postal and e-mail addresses and telephone and telefax numbers) known to Complainant regarding how to contact Respondent or any representative of Respondent, including contact

information based on pre-complaint dealings, in sufficient detail to allow the Provider to send the complaint as described in Paragraph 2(a);

(vi) Specify the domain name(s) that is/are the subject of the complaint;

(vii) Identify the Registrar(s) with whom the domain name(s) is/are registered at the time the complaint is filed;

(viii) Specify the trademark(s) or service mark(s) on which the complaint is based and, for each mark, describe the goods or services, if any, with which the mark is used (Complainant may also separately describe other goods and services with which it intends, at the time the complaint is submitted, to use the mark in the future.);

(ix) Describe, in accordance with the Policy, the grounds on which the complaint is made including, in particular,

> (1) the manner in which the domain name(s) is/are identical or confusingly similar to a trademark or service mark in which the Complainant has rights; and

> (2) why the Respondent (domain-name holder) should be considered as having no rights or legitimate interests in respect of the domain name(s) that is/are the subject of the complaint; and

> (3) why the domain name(s) should be considered as having been registered and being used in bad faith

(The description should, for elements (2) and (3), discuss any aspects of Paragraphs 4(b) and 4(c) of the Policy that are applicable. The description shall comply with any word or page limit set forth in the Provider's Supplemental Rules.);

(x) Specify, in accordance with the Policy, the remedies sought;

(xi) Identify any other legal proceedings that have been commenced or terminated in connection with or relating to any of the domain name(s) that are the subject of the complaint;

(xii) State that Complainant will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to the jurisdiction of the courts in at least one specified Mutual Jurisdiction;

(xiii) Conclude with the following statement followed by the signature

(in any electronic format) of the Complainant or its authorized representative:

"Complainant agrees that its claims and remedies concerning the registration of the domain name, the dispute, or the dispute's resolution shall be solely against the domain-name holder and waives all such claims and remedies against (a) the dispute-resolution provider and panelists, except in the case of deliberate wrongdoing, (b) the registrar, (c) the registry administrator, and (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents."

"Complainant certifies that the information contained in this Complaint is to the best of Complainant's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument."; and

(xiv) Annex any documentary or other evidence, including a copy of the Policy applicable to the domain name(s) in dispute and any trademark or service mark registration upon which the complaint relies, together with a schedule indexing such evidence.

(c) The complaint may relate to more than one domain name, provided that the domain names are registered by the same domain-name holder.

## 4. Notification of Complaint

(a) The Provider shall submit a verification request to the Registrar. The verification request will include a request to Lock the domain name.

(b) Within two (2) business days of receiving the Provider's verification request, the Registrar shall provide the information requested in the verification request and confirm that a Lock of the domain name has been applied. The Registrar shall not notify the Respondent of the proceeding until the Lock status has been applied. The Lock shall remain in place through the remaining Pendency of the UDRP proceeding. Any updates to the Respondent's data, such as through the result of a request by a privacy or proxy provider to reveal the underlying customer data, must be made before the two (2) business day period concludes or before the Registrar verifies the information requested and confirms the Lock to the UDRP Provider, whichever occurs first. Any modification(s) of the Respondent's data following the two (2) business day period may be addressed by

| | |
|---|---|
| 1 | the Panel in its decision. |
| 2 | (c) The Provider shall review the complaint for administrative compliance with the |
| 3 | Policy and these Rules and, if in compliance, shall forward the complaint, including |
| 4 | any annexes, electronically to the Respondent and Registrar and shall send Written |
| 5 | Notice of the complaint (together with the explanatory cover sheet prescribed by |
| 6 | the Provider's Supplemental Rules) to the Respondent, in the manner prescribed |
| 7 | by Paragraph 2(a), within three (3) calendar days following receipt of the fees to be |
| 8 | paid by the Complainant in accordance with Paragraph 19. |
| 9 | (d) If the Provider finds the complaint to be administratively deficient, it shall |
| 10 | promptly notify the Complainant and the Respondent of the nature of the |
| 11 | deficiencies identified. The Complainant shall have five (5) calendar days within |
| 12 | which to correct any such deficiencies, after which the administrative proceeding |
| 13 | will be deemed withdrawn without prejudice to submission of a different complaint |
| 14 | by Complainant. |
| 15 | (e) If the Provider dismisses the complaint due to an administrative deficiency, or |
| 16 | the Complainant voluntarily withdraws its complaint, the Provider shall inform the |
| 17 | Registrar that the proceedings have been withdrawn, and the Registrar shall release |
| 18 | the Lock within one (1) business day of receiving the dismissal or withdrawal |
| 19 | notice from the Provider. |
| 20 | (f) The date of commencement of the administrative proceeding shall be the date on |
| 21 | which the Provider completes its responsibilities under Paragraph 2(a) in |
| 22 | connection with sending the complaint to the Respondent. |
| 23 | (g) The Provider shall immediately notify the Complainant, the Respondent, the |
| 24 | concerned Registrar(s), and ICANN of the date of commencement of the |
| 25 | administrative proceeding. The Provider shall inform the Respondent that any |
| 26 | corrections to the Respondent's contact information during the remaining Pendency |
| 27 | of the UDRP proceedings shall be communicated to the Provider further to Rule |
| 28 | 5(c)(ii) and 5(c)(iii). |
| 29 | **5. The Response** |
| 30 | (a) Within twenty (20) days of the date of commencement of the administrative |
| 31 | proceeding the Respondent shall submit a response to the Provider. |
| 32 | (b) The Respondent may expressly request an additional four (4) calendar days in |
| 33 | which to respond to the complaint, and the Provider shall automatically grant the |
| 34 | extension and notify the Parties thereof. This extension does not preclude any |
| 35 | additional extensions that may be given further to 5(d) of the Rules. |
| 36 | (c) The response, including any annexes, shall be submitted in electronic form and |
| 37 | shall: |

(i) Respond specifically to the statements and allegations contained in the complaint and include any and all bases for the Respondent (domain-name holder) to retain registration and use of the disputed domain name (This portion of the response shall comply with any word or page limit set forth in the Provider's Supplemental Rules.);

(ii) Provide the name, postal and e-mail addresses, and the telephone and telefax numbers of the Respondent (domain-name holder) and of any representative authorized to act for the Respondent in the administrative proceeding;

(iii) Specify a preferred method for communications directed to the Respondent in the administrative proceeding (including person to be contacted, medium, and address information) for each of (A) electronic-only material and (B) material including hard copy (where applicable);

(iv) If Complainant has elected a single-member panel in the complaint (see Paragraph 3(b)(iv)), state whether Respondent elects instead to have the dispute decided by a three-member panel;

(v) If either Complainant or Respondent elects a three-member Panel, provide the names and contact details of three candidates to serve as one of the Panelists (these candidates may be drawn from any ICANN-approved Provider's list of panelists);

(vi) Identify any other legal proceedings that have been commenced or terminated in connection with or relating to any of the domain name(s) that are the subject of the complaint;

(vii) State that a copy of the response including any annexes has been sent or transmitted to the Complainant, in accordance with Paragraph 2(b); and

(viii) Conclude with the following statement followed by the signature (in any electronic format) of the Respondent or its authorized representative:

> "Respondent certifies that the information contained in this Response is to the best of Respondent's knowledge complete and accurate, that this Response is not being presented for any improper purpose, such as to harass, and that the assertions in this Response are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument."; and

(ix) Annex any documentary or other evidence upon which the Respondent relies, together with a schedule indexing such documents.

(d) If Complainant has elected to have the dispute decided by a single-member Panel and Respondent elects a three-member Panel, Respondent shall be required to pay one-half of the applicable fee for a three-member Panel as set forth in the Provider's Supplemental Rules. This payment shall be made together with the submission of the response to the Provider. In the event that the required payment is not made, the dispute shall be decided by a single-member Panel.

(e) At the request of the Respondent, the Provider may, in exceptional cases, extend the period of time for the filing of the response. The period may also be extended by written stipulation between the Parties, provided the stipulation is approved by the Provider.

(f) If a Respondent does not submit a response, in the absence of exceptional circumstances, the Panel shall decide the dispute based upon the complaint.

## 6. Appointment of the Panel and Timing of Decision

(a) Each Provider shall maintain and publish a publicly available list of panelists and their qualifications.

(b) If neither the Complainant nor the Respondent has elected a three-member Panel (Paragraphs 3(b)(iv) and 5(b)(iv)), the Provider shall appoint, within five (5) calendar days following receipt of the response by the Provider, or the lapse of the time period for the submission thereof, a single Panelist from its list of panelists. The fees for a single-member Panel shall be paid entirely by the Complainant.

(c) If either the Complainant or the Respondent elects to have the dispute decided by a three-member Panel, the Provider shall appoint three Panelists in accordance with the procedures identified in Paragraph 6(e). The fees for a three-member Panel shall be paid in their entirety by the Complainant, except where the election for a three-member Panel was made by the Respondent, in which case the applicable fees shall be shared equally between the Parties.

(d) Unless it has already elected a three-member Panel, the Complainant shall submit to the Provider, within five (5) calendar days of communication of a response in which the Respondent elects a three-member Panel, the names and contact details of three candidates to serve as one of the Panelists. These candidates may be drawn from any ICANN-approved Provider's list of panelists.

(e) In the event that either the Complainant or the Respondent elects a three-member Panel, the Provider shall endeavor to appoint one Panelist from the list of candidates provided by each of the Complainant and the Respondent. In the event the Provider is unable within five (5) calendar days to secure the appointment of a

Panelist on its customary terms from either Party's list of candidates, the Provider shall make that appointment from its list of panelists. The third Panelist shall be appointed by the Provider from a list of five candidates submitted by the Provider to the Parties, the Provider's selection from among the five being made in a manner that reasonably balances the preferences of both Parties, as they may specify to the Provider within five (5) calendar days of the Provider's submission of the five-candidate list to the Parties.

(f) Once the entire Panel is appointed, the Provider shall notify the Parties of the Panelists appointed and the date by which, absent exceptional circumstances, the Panel shall forward its decision on the complaint to the Provider.

### 7. Impartiality and Independence

A Panelist shall be impartial and independent and shall have, before accepting appointment, disclosed to the Provider any circumstances giving rise to justifiable doubt as to the Panelist's impartiality or independence. If, at any stage during the administrative proceeding, new circumstances arise that could give rise to justifiable doubt as to the impartiality or independence of the Panelist, that Panelist shall promptly disclose such circumstances to the Provider. In such event, the Provider shall have the discretion to appoint a substitute Panelist.

### 8. Communication Between Parties and the Panel

No Party or anyone acting on its behalf may have any unilateral communication with the Panel. All communications between a Party and the Panel or the Provider shall be made to a case administrator appointed by the Provider in the manner prescribed in the Provider's Supplemental Rules.

### 9. Transmission of the File to the Panel

The Provider shall forward the file to the Panel as soon as the Panelist is appointed in the case of a Panel consisting of a single member, or as soon as the last Panelist is appointed in the case of a three-member Panel.

### 10. General Powers of the Panel

(a) The Panel shall conduct the administrative proceeding in such manner as it considers appropriate in accordance with the Policy and these Rules.

(b) In all cases, the Panel shall ensure that the Parties are treated with equality and that each Party is given a fair opportunity to present its case.

(c) The Panel shall ensure that the administrative proceeding takes place with due expedition. It may, at the request of a Party or on its own motion, extend, in exceptional cases, a period of time fixed by these Rules or by the Panel.

(d) The Panel shall determine the admissibility, relevance, materiality and weight of the evidence.

(e) A Panel shall decide a request by a Party to consolidate multiple domain name disputes in accordance with the Policy and these Rules.

## 11. Language of Proceedings

(a) Unless otherwise agreed by the Parties, or specified otherwise in the Registration Agreement, the language of the administrative proceeding shall be the language of the Registration Agreement, subject to the authority of the Panel to determine otherwise, having regard to the circumstances of the administrative proceeding.

(b) The Panel may order that any documents submitted in languages other than the language of the administrative proceeding be accompanied by a translation in whole or in part into the language of the administrative proceeding.

## 12. Further Statements

In addition to the complaint and the response, the Panel may request, in its sole discretion, further statements or documents from either of the Parties.

## 13. In-Person Hearings

There shall be no in-person hearings (including hearings by teleconference, videoconference, and web conference), unless the Panel determines, in its sole discretion and as an exceptional matter, that such a hearing is necessary for deciding the complaint.

## 14. Default

(a) In the event that a Party, in the absence of exceptional circumstances, does not comply with any of the time periods established by these Rules or the Panel, the Panel shall proceed to a decision on the complaint.

(b) If a Party, in the absence of exceptional circumstances, does not comply with any provision of, or requirement under, these Rules or any request from the Panel, the Panel shall draw such inferences therefrom as it considers appropriate.

## 15. Panel Decisions

(a) A Panel shall decide a complaint on the basis of the statements and documents submitted and in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable.

(b) In the absence of exceptional circumstances, the Panel shall forward its decision on the complaint to the Provider within fourteen (14) days of its appointment pursuant to Paragraph 6.

(c) In the case of a three-member Panel, the Panel's decision shall be made by a majority.

(d) The Panel's decision shall be in writing, provide the reasons on which it is based, indicate the date on which it was rendered and identify the name(s) of the Panelist(s).

(e) Panel decisions and dissenting opinions shall normally comply with the guidelines as to length set forth in the Provider's Supplemental Rules. Any dissenting opinion shall accompany the majority decision. If the Panel concludes that the dispute is not within the scope of Paragraph 4(a) of the Policy, it shall so state. If after considering the submissions the Panel finds that the complaint was brought in bad faith, for example in an attempt at Reverse Domain NameHijacking or was brought primarily to harass the domain-name holder, the Panel shall declare in its decision that the complaint was brought in bad faith and constitutes an abuse of the administrative proceeding.

### 16. Communication of Decision to Parties

(a) Within three (3) business days after receiving the decision from the Panel, the Provider shall communicate the full text of the decision to each Party, the concerned Registrar(s), and ICANN. The concerned Registrar(s) shall within three (3) business days of receiving the decision from the Provider communicate to each Party, the Provider, and ICANN the date for the implementation of the decision in accordance with the Policy.

(b) Except if the Panel determines otherwise (see Paragraph 4(j) of the Policy), the Provider shall publish the full decision and the date of its implementation on a publicly accessible web site. In any event, the portion of any decision determining a complaint to have been brought in bad faith (see Paragraph 15(e) of these Rules) shall be published.

### 17. Settlement or Other Grounds for Termination

(a) If, before the Panel's decision, the Parties agree on a settlement, the Panel shall terminate the administrative proceeding. A settlement shall follow steps 17(a)(i) – 17(a)(vii):

(i) The Parties provide written notice of a request to suspend the proceedings because the parties are discussing settlement to the Provider.

(ii) The Provider acknowledges receipt of the request for suspension and informs the Registrar of the suspension request and the expected duration of the suspension.

(iii) The Parties reach a settlement and provide a standard settlement form to the Provider further to the Provider's supplemental rules and settlement form. The standard settlement form is not intended to be an agreement itself, but only to summarize the essential terms of the Parties' separate settlement agreement. The Provider shall not disclose the completed standard settlement form to any third party.

(iv) The Provider shall confirm to the Registrar, copying the Parties, the outcome of the settlement as it relates to actions that need to be taken by the Registrar.

(v) Upon receiving notice from the Provider further to 17(a)(iv), the Registrar shall remove the Lock within two (2) business days.

(vi) The Complainant shall confirm to the Provider that the settlement as it relates to the domain name(s) has been implemented further to the Provider's supplemental rules.

(vii) The Provider will dismiss the proceedings without prejudice unless otherwise stipulated in the settlement.

(b) If, before the Panel's decision is made, it becomes unnecessary or impossible to continue the administrative proceeding for any reason, the Panel shall terminate the administrative proceeding, unless a Party raises justifiable grounds for objection within a period of time to be determined by the Panel.

## 18. Effect of Court Proceedings

(a) In the event of any legal proceedings initiated prior to or during an administrative proceeding in respect of a domain-name dispute that is the subject of the complaint, the Panel shall have the discretion to decide whether to suspend or terminate the administrative proceeding, or to proceed to a decision.

(b) In the event that a Party initiates any legal proceedings during the Pendency of an administrative proceeding in respect of a domain-name dispute that is the subject of the complaint, it shall promptly notify the Panel and the Provider. See Paragraph 8 above.

## 19. Fees

(a) The Complainant shall pay to the Provider an initial fixed fee, in accordance

with the Provider's Supplemental Rules, within the time and in the amount required. A Respondent electing under Paragraph 5(b)(iv) to have the dispute decided by a three-member Panel, rather than the single-member Panel elected by the Complainant, shall pay the Provider one-half the fixed fee for a three-member Panel. See Paragraph 5(c). In all other cases, the Complainant shall bear all of the Provider's fees, except as prescribed under Paragraph 19(d). Upon appointment of the Panel, the Provider shall refund the appropriate portion, if any, of the initial fee to the Complainant, as specified in the Provider's Supplemental Rules.

(b) No action shall be taken by the Provider on a complaint until it has received from Complainant the initial fee in accordance with Paragraph 19(a).

(c) If the Provider has not received the fee within ten (10) calendar days of receiving the complaint, the complaint shall be deemed withdrawn and the administrative proceeding terminated.

(d) In exceptional circumstances, for example in the event an in-person hearing is held, the Provider shall request the Parties for the payment of additional fees, which shall be established in agreement with the Parties and the Panel.

## 20. Exclusion of Liability

Except in the case of deliberate wrongdoing, neither the Provider nor a Panelist shall be liable to a Party for any act or omission in connection with any administrative proceeding under these Rules.

## 21. Amendments

The version of these Rules in effect at the time of the submission of the complaint to the Provider shall apply to the administrative proceeding commenced thereby. These Rules may not be amended without the express written approval of ICANN.

-